UNITED STATES DISTRICT COURT                          O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ELIBERTO GARCIA,                    §
                                    §
          Plaintiff,                §
VS.                                 §        CIVIL ACTION NO. 7:13-CV-00347
                                    §
KELLOGG USA, INC.,                  §
                                    §
          Defendant.                §

## ORDER

Pending before the Court is the self-styled "Plaintiff's Opposed Motion to Remand" filed

by Plaintiff Eliberto Garcia ("Plaintiff").[1] Defendant Kellogg USA, Inc. ("Defendant"), has filed

a response in opposition.[2] After considering the motion, response, and relevant authorities, the

Court **DENIES** the motion to remand.

## I. BACKGROUND

On May 24, 2013, Plaintiff filed his original petition in state court, alleging that

Defendant terminated his employment for discriminatory reasons in violation of Chapter 21 of

the Texas Labor Code.[3] Defendant timely removed the action to this Court on July 3, 2013.[4]

Defendant asserted subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

resulting from the complete diversity of the parties and an amount in controversy in excess of the

statutory minimum.[5]

---

[1] Dkt. No. 9.
[2] Dkt. No. 12.
[3] Dkt. No. 1, Attach. 3; 28 U.S.C. §1446(b)(1) .
[4] Dkt. No. 1, Attach. 2.
[5] Dkt. No. 1, at ¶¶ 2, 5-11.

On July 31, 2013, Plaintiff contested the removal by filing the instant motion to remand, in which he asserts that Defendant failed to satisfy the amount-in-controversy requirement.[6] He seeks to support his assertion with an affidavit executed July 16, 2013, in which he stipulates that he will neither "seek nor accept damages . . . in excess of the sum of $75,000.00."[7] On August 21, 2013, Defendant filed its response defending its position that the amount in controversy exceeds the statutory minimum.[8]

## II. DISCUSSION

### A. Legal Standard

The Court does not have subject matter jurisdiction unless the parties are completely diverse and the amount in controversy exceeds $75,000; defendants may remove only if a federal court would have had original jurisdiction.[9] In ascertaining jurisdictional sufficiency, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] Thus, failure to satisfy the amount-in-controversy requirement is fatal to subject matter jurisdiction and to a successful removal by Defendant.

In *De Aguilar v. Boeing*, the Fifth Circuit established a two-part analysis to determine whether the amount-in-controversy requirement has been met.[11] First, the defendant must show by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.[12] The amount in controversy may appear on the face of the complaint, or if it does not, may be shown by summary judgment-type evidence.[13] Second, to avoid removal, the plaintiff must show that, "as a matter of law, it is certain he will not be able to recover more than the

---

[6] Dkt. No. 9 at II.
[7] Dkt. No. 9, Attach. 1.
[8] Dkt. No. 12.
[9] 28 U.S.C. §§ 1332(a), 1441(a).
[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[11] De Aguilar v. Boeing, 47 F.3d 1404 (5th Cir. 1995).
[12] *Id.*, at 1411. § 1446 (c)(2)(A).
[13] White v. FCI, 319 F.3d 672, 675 (5th Cir. 2003).

damages for which he prayed in the state court complaint."[14] The Court now applies that analytical rubric to the parties' arguments in this case.

### B. Application

#### a. *Defendant's burden of proof*

The Court first looks to whether Defendant has shown from the face of Plaintiff's complaint that the amount in controversy exceeds the jurisdictional threshold. Though a pleading made in good faith may avoid removal, the demand in the pleading will not be deemed the amount in controversy if "State practice . . . does not permit demand for a specific sum . . . ."[15] Though Plaintiff alleged damages of less than $75,000, Texas practice does not permit such a demand.[16] Texas Rule of Civil Procedure 47 requires a pleading to contain a statement that the damages sought are within the jurisdictional limits of the court, and a statement that the party seeks a pre-defined range of damages.[17] Because his pleading does not comply with Texas practice, Plaintiff's demand cannot be deemed the amount in controversy. Indeed, "[s]uch manipulation is surely characterized as bad faith."[18] Because a bad-faith pleading does not control the jurisdictional inquiry, the face of the pleading does not show whether the amount in controversy exceeds $75,000.[19]

Where the amount in controversy is not facially apparent, the Court will use "summary judgment-type" evidence to ascertain the amount in controversy by a preponderance of the evidence.[20] The defendant may meet the preponderance burden either "by demonstrating that the

---

[14] *De Aguilar*, 47 F.3d at 1411.
[15] 28 U.S.C. § 1446(c)(2)(ii).
[16] Dkt. No. 1, Attach. 3, ¶ 3.02.
[17] TEX. R. OF CIV. P., 47(b)-(c). These ranges start at $100,000 and increase from there. None of the ranges can be used to form a pleading that on its face defeats federal jurisdiction.
[18] *De Aguilar*, 47 F.3d 1410.
[19] *Id.*
[20] *White v. FCI*, 319 F.3d at 675.

claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."[21]

Here, Defendant has demonstrated the claims are likely above the jurisdictional threshold. Pursuant to Texas Labor Code 21.258(b), Plaintiff claimed back pay of 6 months at the time of his state court filing; at the time of removal 9 months had elapsed in the suit.[22] With an annual salary of approximately $56,000, this claim comes to $42,000 at the time of removal.[23] So a trial that took place just 16 months after Plaintiff's termination – or 7 months after removal to this Court – would give rise to a back pay claim greater than the jurisdictional requirement.[24] Given that Plaintiff requested discovery pursuant to Level 3 of the Texas Rules of Civil Procedure, which is reserved for lawsuits more complex and detailed than the $50,000-and-above Level 2 discovery plan, Plaintiff believed his lawsuit was likely to be long and complex.[25] Based on Plaintiff's annual salary and the probable length of his lawsuit, the Court finds it highly likely that Plaintiff's back pay claim alone met the jurisdictional requirements at the time of removal.

Moreover, Plaintiff's claim for mental anguish, authorized as compensatory damages under Texas Labor Code 21.2585, is capped at $300,000.[26] Plaintiff has not alleged a specific amount for this claim, and no evidence has been proffered to establish its value. Nevertheless, taking the mental anguish claim together with the attorney's fees and pre- and post-judgment interest claims, they are likely to cause the aggregate claim to exceed the jurisdictional threshold by a substantial amount.

---

[21] Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882-83 (5th Cir. 2000).
[22] Dkt. No. 1, Attach. 3, ¶ 9.01 (a); TEX. R. OF CIV. P., 190.4.
[23] Dkt. No. 12, Attach. 1. This sum results from Plaintiff's annual salary of $56,000, divided by 12 to yield a monthly salary, multiplied by 9 to reflect the time of removal.
[24] This sum results from Plaintiff's monthly salary multiplied by 16.
[25] Dkt. No. 1, Attch. 3, ¶ 1.01.
[26] This statutory cap alone would be insufficient to meet Defendant's burden. Defendant must do more than "point to a state law that *might* allow the plaintiff to recover more than what is pled." *White v. FCI*, 319 F.3d at 675.

The Court finds that Defendant has demonstrated that Plaintiff's claims are likely above $75,000 in value, and has therefore met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.

### b.  Plaintiff's burden of proof

In his motion to remand, Plaintiff did not contest that Defendant has met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Rather, he attempted to meet the second prong of the *De Aguilar* analysis. Citing language from *De Aguilar* for support, Plaintiff asserted that he has established the amount in controversy with legal certainty by filing a "binding stipulation or affidavit".[27]

However, a closer look at *De Aguilar* shows that Plaintiff is "hoist with his own petard."[28] The full quotation upon which Plaintiff relied reads: "[L]itigants who want to prevent removal must file a binding stipulation or affidavit *with their complaints*; once a defendant has removed the case, *St. Paul* makes later filings irrelevant."[29] Viewing both halves of the sentence reveals that Plaintiff's cited authority weighs heavily against him. Though Plaintiff quoted the first half of this sentence as authority for his use of his affidavit, the latter half of the sentence calls such a post-removal affidavit "irrelevant" to the establishment of legal certainty for the amount in controversy.[30]

Instead of serving to limit the amount in controversy, the post-removal affidavit may now be used only as evidence of the amount in controversy that existed at the time of removal.[31] In other words, this affidavit can only be used in the first prong of the *De Aguilar* analysis, to rebut

---

[27] *See* Dkt. No. 9, Attach. 1 (citing to *De Aguilar*, 47 F.3d at 1412).
[28] WILLIAM SHAKESPEARE, HAMLET, act 3, sc. 4, 207.
[29] *De Aguilar*, 47 F.3d at 1412 (emphasis added).
[30] The facts of *De Aguilar* might have provided Plaintiff a further clue that his affidavit will not serve as a binding stipulation in this case: the district court in De Aguilar also found that the affidavit filed after removal did not affect jurisdiction.
[31] St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998); § 1446 (c)(3)(A).

Defendant's evidence of the amount in controversy. In sharp contrast to the federal wage form Defendant presented, this affidavit provides no such evidence.[32] The Court will therefore disregard this affidavit.

Plaintiff has not met his burden of demonstrating to a legal certainty that his claim amounted to less than $75,000 at the time of removal. Plaintiff's perfunctory motion, which disregards the facts and misquotes the law of the principal authority upon which it relies, appears to have been made *pro forma*. A filing made without any real hope of success is unnecessary at best, and a waste of the Court's time at worst.

### III. CONCLUSION

Plaintiff could have avoided federal jurisdiction either by filing a claim which on its face or by a preponderance of the evidence was worth less than $75,000, or by stipulating at the time of the complaint that he would accept no more than that amount. His failure to do either is fatal to his motion for remand. Because Defendant has shown by a preponderance of the evidence that the value of Plaintiff's claim exceeded the amount-in-controversy requirement at the time of removal, but Plaintiff has failed to establish to a legal certainty that his claim fell below the $75,000 threshold, this Court retains jurisdiction.

For the foregoing reasons, the Court **DENIES** the motion to remand.

IT IS SO ORDERED.

DONE this 3rd day of September, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[32] Dkt. No. 12, Attach. 1.